FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA PM 12: 05
OCALA DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

| | | |
|---|---|---|
| ANDRE AUER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 5:17-cv-411-OC-30PRL |
| | ) | |
| FLORIDA NEUROLOGICAL CENTER, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff,  ANDREA AUER ("PLAINTIFF"), and files this Complaint

against DEFENDANT, FLORIDA NEUROLOGICAL CENTER, LLC ("DEFENDANT"),

respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1.     This is a cause of action to recover back pay, compensatory and liquidated damages,

       attorney fees, costs of litigation and other relief from DEFENDANT for violations of

       the Fair Labor Standards Act ("FLSA").

2.     At all material times, PLAINTIFF was a citizen and resident of Florida.

3.     At all material times, DEFENDANT was a Florida corporation which provided

       neurological services.

## BACKGROUND

4.     PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to

       PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor

       Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq.

5.  At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6.  Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

7.  At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8.  Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

9.  In or around February 2015, DEFENDANT hired PLAINTIFF to work as a medical assistant.  Sometime thereafter, she was given the position of "clinical supervisor" although she did not supervise anybody.

10. DEFENDANT paid PLAINTIFF varying amounts, which included $12 per hour, $14 per hour and at one point, DEFENDANT paid PLAINTIFF a salary although the work she performed was non-exempt work.

11. PLAINTIFF worked overtime hours for which she received no compensation.  Also, PLAINTIFF performed studies for which she should have been compensated, but was not.  In addition, PLAINTIFF was required to be on-call 24 hours per day and 7 days per week.

12. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

13. Despite working at the direction and knowledge of DEFENDANT, PLAINTIFF was

2

not paid at an overtime rate of pay when she worked overtime.

14.     Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S
        employment, willingly, deliberately and intentionally refused to pay PLAINTIFF time
        and one-half for overtime hours.

15.     PLAINTIFF is therefore, owed compensation for time actually worked but not paid,
        and back wages by DEFENDANT, who willingly and knowingly withheld those
        wages.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

16.     The General Allegations and Background above are hereby incorporated by reference
        as though fully set forth herein.

17.     DEFENDANT regularly engages in commerce and its employees, including
        PLAINTIFF, handled and used materials, which have moved in interstate commerce.

18.     At all relevant times, DEFENDANT was an employer within the meaning of the Fair
        Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and is subject to
        the provisions of the Act.

19.     PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANT, as
        defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*
        who performed overtime work for which she did not receive compensation.

20.     During her employment with DEFENDANT, PLAINTIFF performed overtime work
        for which she was not properly compensated in violation of the provisions of the Fair
        Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* More specifically,
        DEFENDANT violated the overtime provision of the FLSA by failing to pay
        PLAINTIFF at a rate of time and one-half when she worked more than 40 hours in a

3

week.

21.     Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF by DEFENDANT.

22.     DEFENDANT'S failure to compensate PLAINTIFF for all compensable hours violates the overtime provisions of the FLSA and the regulations thereunder.

23.     DEFENDANT'S failures to compensate PLAINTIFF for her overtime was a willful and knowing violation of the Act.

24.     As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, she has suffered substantial delay in receipt of wages owed and damages.

25.     Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF compensation at a rate of time and one-half pay for their unpaid overtime, and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

26.     All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, unpaid overtime, liquidated damages, pre- and post-judgment interest, nominal damages, attorney fees, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## BREACH OF CONTRACT

27.     The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

4

28.     DEFENDANT agreed to compensate PLAINTIFF for all of her work.

29.     PLAINTIFF performed her work, but DEFENDANT breached its agreement by withholding compensation from PLAINTIFF, including not paying her on call time as well as studies she performed.

30.     As a result of DEFENDANT failing to pay PLAINTIFF, she has suffered substantial damages.

31.     Pursuant to Florida Statute 448.08, PLAINTIFF is entitled to attorney's fees and costs of litigation.

        WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, pre- and post-judgment interest, nominal damages, and other relief by reason of DEFENDANT'S breach of employment agreement; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.


Dated:  September 1, 2017

                                 Respectfully submitted,

                                 **THE LAW OFFICE OF MATTHEW BIRK**


                                 **/s/ Matthew W. Birk**
                                 **Matthew W. Birk**
                                 Florida Bar No.:  92265
                                 309 NE 1st Street
                                 Gainesville, FL  32601
                                 (352) 244-2069
                                 (352) 372-3464 FAX
                                 mbirk@gainesvilleemploymentlaw.com
                                 ATTORNEYS FOR PLAINTIFF

                                 5